CENTRO DE DEPENDIENTES DE PONCE, INC., Plaintiff and Appellant, *v.* ELEUTERIO MONTALVO, Defendant and Appellee.

No. 10195. Argued December 1, 1950.—Decided April 11, 1951.

*Fernando Zapater* for appellant. *R. Hernández Matos* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The plaintiff is a nonprofit association organized under the laws of Puerto Rico. Its objects, according to its articles of incorporation, are to promote culture, recreation, and general welfare among its members. For several years and until November 8, 1948 the plaintiff occupied the second floor of a building owned by the defendant in the city of Ponce. While this building belonged to its former owner, Luisa Shuck widow of Bonnín, the space later occupied by the plaintiff was registered in the Office of Price Administration as devoted to commercial purposes, and a maximum rental of $70 monthly was fixed therefor. At that time the property was occupied by the Centro de Dependientes de Ponce,

plaintiff's predecessor.[1]  When the defendant purchased the building in 1944 that was the rental from the property in question, but in July 1946 the defendant applied for and obtained from the Price Administration permission to increase the maximum rent 50 per cent and thereupon increased it to $105 monthly.  Notwithstanding this, subsequently the defendant, without intervention of the Office of Price Administration, increased the rent to $175, later to $225, and later reduced it to $200 monthly.  When the plaintiff vacated the premises in question on November 8, 1948, it still owed the defendant rent for September and October and the first eight days of November, amounting to $453.30.

After the property was vacated, the plaintiff, invoking § 8(d) of the Reasonable Rents Act, as amended by Act No. 421 of May 14, 1947, instituted this action claiming $15,810, equivalent to three times the sum the plaintiff alleges the defendant charged it and its predecessor, Centro de Dependientes de Ponce, in excess of the maximum rent fixed by the Office of Price Administration.

Defendant answered pleading inapplicability of the said Act on the ground that the property was not used for pecuniary or business purposes, but rather as the domicile of a social and cultural center; and filed a counterclaim for the amount of $453.30 which the plaintiff owed it.

There is no controversy as to the facts, which were stipulated by the parties.  Based on this stipulation and on other complementary documents attached thereto by agreement of the parties, the lower court dismissed the complaint on the ground that the alleged cause of action was not comprised within the scope of the Reasonable Rents Act, and granted the counterclaim ordering the plaintiff to pay $453.30 with legal interest from the dates on which the unpaid rentals respectively became due, plus costs, without attorney's fees.

We do not see how, in the face of the clear provisions

[1] On February 28, 1947 the plaintiff assumed all the rights and duties of the Asoc. Centro Dependientes de Ponce.

of the Reasonable Rents Act and the holding of this Court in *La Costa* v. *District Court*, 67 P.R.R. 158, the court *a quo* could have entered a different judgment.

The property in question was occupied, as we have seen, by a tenant who used it exclusively for social and cultural activities, and although it used a juke box which operated on deposit of a coin, the purpose of said apparatus was to entertain plaintiff's members with its music, forming part of the comfort and entertainment facilities which the Centro de Dependientes offered to its members, and not constituting a lucrative business. Under such circumstances our ruling in *La Costa* v. *District Court, supra,* which involved a property occupied by a chess club, is applicable, to wit:

"The Legislature did not, as the defendant contends, make the Act applicable to all buildings used for non-dwelling purposes. On the contrary, it made use for 'business' purposes a requisite. It was careful to define 'business' as including hospitals. But it never understood to include social or cultural organizations within the term 'business purpose' and therefore within the scope of Act No. 464 . . ."

The plaintiff argues that the defendant is estopped from pleading now that the property involved is not used for business purposes because he applied for a permit to increase the rental, acting then as if the property were dedicated for business purposes. That proposition is untenable. Not every conduct or action inconsistent with prior acts, renders the doctrine of estoppel applicable. This doctrine is only applicable where a party, relying on the truth of the acts or statements of another, is led to act in such a way that if the doctrine were not applied he would be prejudiced. *Serra, Garabís & Co., Inc.* v. *Municipality,* 42 P.R.R. 452. That circumstance is not present in the instant case. When the defendant discovered that he had committed an error in resorting to the Office of Price Administration in order to increase the rent, he ignored said governmental agency and took it upon himself to increase the rental repeatedly with

the acquiescense of the plaintiff who paid it punctually, except the rent for September, October, and the first eight days of November 1948.

It can not be held either, as plaintiff claims, that the defendant is bound to pay to it at least the amount of $5,270 on the ground that the increases were paid under duress consisting in threats of dispossession. In the hypothesis that under extraordinary circumstances the threat to bring an action of unlawful detainer might constitute duress, that threat does not appear from the stipulation of facts nor from the complementary documents attached thereto. On the contrary, everything seems to indicate that the payments were made voluntarily.

The judgment will be affirmed.